MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:     F. JAMES LOPREST, JR. (FJL:3210)
Special Assistant United States Attorney
86 Chambers Street, Room 410
New York, New York 10007
Tel. No.:  (212) 637-2728

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARC MALEK (A46 704 281),

                                           :

         Plaintiff,

                                           :         <u>ANSWER</u>

         - v. -

                                           :         07 Civ. 3774 (MGC)

ANDREA J. QUARANTILLO, Director,
New York City District, United States         :         ELECTRONICALLY FILED
Citizenship and Immigration Services,
EMILIO T. GONZALEZ, Director, United States   :
Citizenship and Immigration Services;
MICHAEL CHERTOFF, Secretary, Department     :
of Homeland Security; ALBERTO R. GONZALES,
Attorney General of the United States; and       :
ROBERT S. MUELLER, III, Director,
Federal Bureau of Investigation;               :

                     Defendants.         :
------------------------------------------------------------x

        Defendants Andrea J. Quarantillo, Director of the New York District of United States

Citizenship and Immigration Services ("CIS"); Emilio T. Gonzalez, Director of the CIS; Michael

Chertoff, United States Secretary of Homeland Security; Alberto R. Gonzales, Attorney General of

the United States; and Robert S. Mueller, III, Director of the Federal Bureau of Investigation ("FBI")

(collectively, "defendants" or "Government"), by their attorney, Michael J. Garcia, United States

Attorney for the Southern District of New York, hereby answer the complaint of plaintiff Marc

Malek (A46 704 281) ("plaintiff" or "Malek"), upon information and belief, as follows:

1.      Deny the allegations in paragraph 1 of the complaint that defendants have "improperly delayed processing" any application by plaintiff; admit that: (1) plaintiff is a lawful permanent resident of the United States; (2) on or about December 9, 2005, plaintiff submitted an application to the CIS in which he sought to become a naturalized citizen of the United States ("naturalization application"), pursuant to §§ 310 and 316 of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. §§ 1421 & 1427; (3) on April 4, 2006, CIS District Adjudications Officer Tran ("DAO Tran") conducted an interview of plaintiff in connection with his naturalization application, at which plaintiff successfully demonstrated that he meets certain statutory requirements for naturalized citizenship, i.e., a knowledge of United States history and government and the ability to communicate in the English language; and (4) plaintiff's naturalization application remains pending with the CIS; and neither admit nor deny the remaining allegations in paragraph 1 because they constitute plaintiff's characterization of this action and/or conclusions of law, to which no response is required.  To the extent that a further response to the remaining allegations in paragraph 1 is required, defendants deny the allegations.

2.      Deny the allegation in paragraph 2 that defendants have "failed to make a determination" with respect to plaintiff's naturalization application; admit that more than 120 days have passed since plaintiff was interviewed by DAO Tran; neither admit nor deny the remaining allegations in paragraph 2 because they constitute plaintiff's characterization of this action, prayer for relief, and/or conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 2 for an accurate statement of its provisions.  To the extent that a further response to the remaining allegations in paragraph 2 is required, defendants deny the allegations.

3.      Neither admit nor deny the allegations in paragraph 3 because they constitute conclusions of law, to which no response is required, and respectfully refer the Court to the statute cited therein for an accurate statement of its provisions.  To the extent that a response to the allegations in paragraph 3 is required, defendants deny the allegations.

4.      Deny the allegation in paragraph 4 that defendants have "failed to adjudicate" plaintiff's naturalization application; neither admit nor deny the remaining allegations in paragraph 4 because they constitute plaintiff's characterization of this action, prayer for relief, and/or conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 4 for an accurate statement of its provisions.  To the extent that a further response to the remaining allegations in paragraph 4 is required, defendants deny the allegations.

5.      Neither admit nor deny the allegations in paragraph 5 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 5 for an accurate statement of its provisions.  To the extent that a further response to the allegations in paragraph 5 is required, defendants deny the allegations.

6.      Neither admit nor deny the allegations in paragraph 6 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 6 for an accurate statement of its provisions.  To the extent that a further response to the allegations in paragraph 6 is required, defendants deny the allegations.

7.      Neither admit nor deny the allegations in paragraph 7 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statutes cited in paragraph 7 for accurate statements of their provisions.  To the extent that a further response to the allegations in paragraph 7 is required, defendants deny the allegations.

8.    Deny the allegation in paragraph 8 that there has been a "failure" by defendants to adjudicate plaintiff's naturalization application; neither admit nor deny the remaining allegations in paragraph 8 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statutes cited in paragraph 8 for accurate statements of their provisions.  To the extent that a further response to the remaining allegations in paragraph 8 is required, defendants deny the allegations.

9.    Deny the allegation in paragraph 9 that there has been a "failure" by defendants to adjudicate plaintiff's naturalization application; neither admit nor deny the remaining allegations in paragraph 9 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 9 for an accurate statement of its provisions.  To the extent that a further response to the remaining allegations in paragraph 9 is required, defendants deny the allegations.

10.    Neither admit nor deny the allegations in paragraph 10 because they constitute plaintiff's characterization of this action and/or conclusions of law, to which no response is required; and respectfully refer the Court to the statute and regulations cited in paragraph 10 for accurate statements of their provisions.

11.    Neither admit nor deny the allegations in paragraph 11 because they constitute plaintiff's characterization of this action  and/or conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 11 for an accurate statement of its provisions.

12.    Neither admit nor deny the allegations in paragraph 12 because they constitute plaintiff's prayer for relief and/or conclusions of law, to which no response is required; and

respectfully refer the Court to the statute cited in paragraph 12 for an accurate statement of its provisions.  In further response to the allegations in paragraph 12, defendants aver that plaintiff is not statutorily eligible for naturalization because the CIS has not completed its full examination of plaintiff, including an investigation into his background by the FBI.  See Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1998, Pub. Law 105-119, Title I, 111 Stat. 2440, 2448 (Nov. 26, 1997).

13.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 13 regarding plaintiff's place of residence; neither admit nor deny the remaining allegations in paragraph 13 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 13 for an accurate statement of its provisions.

14.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 14 regarding plaintiff's place of residence; neither admit nor deny the remaining allegations in paragraph 14 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 14 for an accurate statement of its provisions.

15.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 15 regarding plaintiff's place of residence; and admit the remaining allegations in paragraph 15.

16.     Neither admit nor deny the allegations in paragraph 16 because they constitute conclusions of law, to which no response is required; except admit that  defendant Andrea

Quarantillo is the District Director of the CIS's New York District; and that the CIS conducted an interview of plaintiff in connection with his naturalization application on April 4, 2006.

17.    Neither admit nor deny the allegations in paragraph 17 because they constitute conclusions of law, to which no response is required; except admit that defendant Emilio T. Gonzalez is the Director of the CIS;  and respectfully refer the Court to the statute and regulation cited in paragraph 17 for accurate statements of their provisions.

18.    Neither admit nor deny the allegations in paragraph 18 because they constitute conclusions of law, to which no response is required; except admit that defendant Michael Chertoff is the United States Secretary of Homeland Security; and respectfully refer the Court to the statute and regulation cited in paragraph 18 for accurate statements of their provisions.

19.    Neither admit nor deny the allegations in paragraph 19 because they constitute conclusions of law, to which no response is required; except admit that defendant Alberto Gonzales is United States Attorney General.

20.    Deny the allegation in paragraph 20 that defendants have "failed" to perform any action with respect to plaintiff's naturalization application; admit that defendant Robert S. Mueller, III, is the Director of the FBI; and neither admit nor deny the remaining allegations in paragraph 20 because they constitute conclusions of law, to which no response is required.

21.    Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 21; except admit that plaintiff became a lawful permanent resident of the United States on or about November 25, 1998; and respectfully refer the Court to the document referred to in paragraph 21 (and annexed to the complaint) as Exhibit 1 for a true and accurate statement of its contents.

22.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 22.

23.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 23.

24.     Admit the allegations in paragraph 24.

25.     Admit the allegations in paragraph 25; and respectfully refer the Court to the document referred to in paragraph 25 (and annexed to the complaint) as Exhibit 3 for a true and accurate statement of its contents.

26.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 26; and aver that the administrative file ("A file") maintained by the CIS with respect to plaintiff, alien registration number A46 704 281, does not contain the letter referred to in paragraph 26.

27.     Admit the allegations in paragraph 27; and respectfully refer the Court to the document referred to in paragraph 27 (and annexed to the complaint) as Exhibit 4 for a true and accurate statement of its contents.

28.     Admit the allegations in paragraph 28.

29.     Admit the allegations in paragraph 29; and respectfully refer the Court to the document referred to in paragraph 29 (and annexed to the complaint) as Exhibit 5 for a true and accurate statement of its contents.

30.     Admit the allegations in paragraph 30.

31.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 31.

32.     Admit the allegations in paragraph 32; and respectfully refer the Court to the document referred to in paragraph 32 (and annexed to the complaint) as Exhibit 2 for a true and accurate statement of its contents.

33.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 33; respectfully refer the Court to the letter referred to in paragraph 33 (and annexed to the complaint) as Exhibit 6 for a true and accurate statement of its contents; and aver that plaintiff's A file does not contain that letter, nor any written response thereto by the CIS.

34.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 34; respectfully refer the Court to the letter referred to in paragraph 34 (and annexed to the complaint) as Exhibit 7 for a true and accurate statement of its contents; and aver that plaintiff's A file does not contain that letter, nor any written response thereto by the CIS.

35.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 35; respectfully refer the Court to the letter referred to in paragraph 32 (and annexed to the complaint) as Exhibit 8 for a true and accurate statement of its contents; and aver that plaintiff's A file does not contain that letter, nor any written response thereto by the CIS.

36.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, respectfully refer the Court to the document referred to in paragraph 37 (and annexed to the complaint) as Exhibit 9 for a true and accurate statement of its contents.

38.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 38; except admit that more than one year has passed since plaintiff

was interviewed by DAO Tran, and that plaintiff's naturalization application remains pending with the CIS. In further response to the allegations in paragraph 38, defendants aver that plaintiff is not statutorily eligible for naturalization because the CIS has not completed its full examination of plaintiff, including an investigation into his background by the FBI.

39. In response to paragraph 39, defendants incorporate as if restated herein their responses to paragraphs 1 through 38 of the complaint, supra.

40. Neither admit nor deny the allegations in paragraph 40 because they constitute conclusions of law, to which no response is required. To the extent that a further response to the allegations in paragraph 40 is required, defendants deny the allegations.

41. Deny the allegations in paragraph 41.

42. Neither admit nor deny the allegations in paragraph 42 because they constitute conclusions of law, to which no response is required. To the extent that a further response to the allegations in paragraph 42 is required, defendants deny the allegations and aver that plaintiff is not statutorily eligible for naturalization because the CIS has not completed its full examination of plaintiff, including an investigation into his background by the FBI.

43. Neither admit nor deny the allegations in paragraph 43 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the judicial decision cited in paragraph 43 for an accurate statement of its holding, and to the statute cited in paragraph 43 for an accurate statement of its provisions. To the extent that a further response to the allegations in paragraph 43 is required, defendants deny the allegations.

44. Neither admit nor deny the allegations in paragraph 44 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the judicial

decision cited in paragraph 44 for an accurate statement of its holding. To the extent that a further response to the allegations in paragraph 44 is required, defendants deny the allegations.

45.     Deny the allegations in paragraph 45.

46.     Deny the allegations in paragraph 46.

47.     Neither admit nor deny the allegations in paragraph 47 because they constitute conclusions of law, to which no response is required. To the extent that a further response to the allegations in paragraph 47 is required, defendants deny the allegations.

<u>AS AND FOR A FIRST DEFENSE</u>

The Court lacks jurisdiction over the subject matter of this action.

<u>AS AND FOR A SECOND DEFENSE</u>

Plaintiff's claims are unripe for review.

<u>AS AND FOR A THIRD DEFENSE</u>

Plaintiff has failed to exhaust administrative remedies.

<u>AS AND FOR A FOURTH DEFENSE</u>

The complaint fails to state a claim upon which relief can be granted.

<u>AS AND FOR A FIFTH DEFENSE</u>

Plaintiff has failed to show he is owed a peremptory duty that defendants have refused to perform.

<u>AS AND FOR A SIXTH DEFENSE</u>

Mandamus will not lie against defendants to control the exercise of their administrative judgment and discretion.

<u>AS AND FOR A SEVENTH DEFENSE</u>

_____The length of time that plaintiff's naturalization application has been pending is attributable to plaintiff's own actions.

<u>AS AND FOR AN EIGHTH DEFENSE</u>

Plaintiff is not statutorily eligible for naturalization until the CIS has completed its examination of plaintiff, including an investigation into plaintiff's background by the FBI.

<u>AS AND FOR A NINTH DEFENSE</u>

Because the CIS has not completed its examination of plaintiff, jurisdiction to consider plaintiff's claims is not conferred upon the Court by INA § 336(b), 8 U.S.C. § 1447(b) (providing for an exercise of jurisdiction where "there is a failure to make a determination [on a naturalization application] before the end of the 120 day period after the date on which the examination [of the naturalization applicant] is conducted"); <u>see also, e.g.</u>, <u>Walji v. Gonzales</u>, __F. 3d__, 2007 WL 1747911, at **4-7 (5th Cir. June 19, 2007).

WHEREFORE, defendants respectfully request that this Court enter judgment dismissing the complaint in its entirety, and for such other relief as this Court deems proper.

Dated: New York, New York
        July 19, 2007

                                MICHAEL J. GARCIA
                                United States Attorney for the
                                Southern District of New York
                                Attorney for Defendant

                        By:  <u>/S/</u>_____
                                F. JAMES LOPREST, JR.  (FJL:3210)
                                Special Assistant United States Attorney
                                86 Chambers Street, Room 410
                                New York, New York  10007
                                Tel. No.:  (212) 637-2728

- 11 -

TO:     LEON WILDES, ESQ.
        WILDES & WEINBERG, P.C.
        515 Madison Avenue, 8th Floor
        New York, NY 10022